RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT AND LOUIS FLOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPSOLUTELY MEDIA, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Terry Fabricant and Louis Floyd ("Plaintiffs") by their undersigned counsel, for this class action complaint against Appsolutely Media, LLC and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Appsolutely Media" or "Defendant"), allege as follows:

COMPLAINT - 1

## I.   INTRODUCTION

1. <u>Nature of Action</u>. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiffs, individually and as class representatives for all others similarly situated, bring this action against Appsolutely Media for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Appsolutely Media engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to cellular telephones.

3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

4. Plaintiff Terry Fabricant is an individual resident of this District, as he was at the time of receipt of the pre-recorded telemarketing call.

5. Plaintiff Louis Floyd is an individual resident of this District, as he was at the time of receipt of the pre-recorded telemarketing call.

6. Defendant Appsolutely Media, LLC is a California limited liability company with its principal place of business in Stanton, CA.

7. Appsolutely Media engages in telemarketing from and to this District, as it did with the Plaintiffs.

## III. JURISDICTION AND VENUE

8. <u>Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

9. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Appsolutely Media because a substantial part of the wrongful acts alleged in this Complaint were committed from California. Furthermore, Appsolutely Media is a resident of this District.

10. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred from this District and Defendant resides here.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

COMPLAINT - 4

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

## V. FACTUAL ALLEGATIONS

16. Appsolutely Media offers search engine optimization services.

17. One of Appsolutely Media's strategies for marketing its services and generating new customers is telemarketing.

18. Appsolutely Media's telemarketing includes the use of pre-recorded messages to generate new business.

19. Recipients of these calls, including Plaintiffs, did not consent to receive such telephone calls.

20. Plaintiffs are, and at all times mentioned herein were, "person[s]" as defined by 47 U.S.C. § 153(39).

**Call to Plaintiff Fabricant**

21. Plaintiff Fabricant's telephone number, (818)-352-XXXX, is registered to a cellular telephone service.

22. On June 4, 2019, Mr. Fabricant received a pre-recorded call advertising search engine optimization services.

23. However, the company was not identified in the pre-recorded message, which is a violation of the TCPA.

24. In order to ascertain the company calling him illegally, Mr. Fabricant engaged the caller.

25. The caller advertised Defendant's search engine optimization services offered by the Defendant.

26. The caller identified himself as Justin Stillwell.

27. The caller then sent an e-mail promoting the Defendant's services from justin.stillwell@appsolutelymediallc.com.

28. That is a website owned and operated by the Defendant.

29. The Plaintiff did not provide his prior express written consent to Appsolutely Media to receive the call.

COMPLAINT - 6

**Call to Plaintiff Floyd**

30. Plaintiff Floyd's telephone number, (650)-321-XXXX, is registered to a cellular telephone service.

31. On June 4, 2019, Mr. Floyd received a pre-recorded call advertising search engine optimization services.

32. However, the company was not identified in the pre-recorded message, which is a violation of the TCPA.

33. In order to ascertain the company calling him illegally, Mr. Floyd engaged the caller.

34. The caller advertised the Defendant's search engine optimization services.

35. The caller identified himself as Edward Escamilla.

36. The caller then sent an e-mail promoting the Defendant's services from edward.escamilla@appsolutelymediallc.com.

37. That is a website owned and operated by the Defendant.

38. The Plaintiff did not provide his prior express written consent to Appsolutely Media to receive the call.

39. Plaintiffs and all members of the Class, defined below, have been harmed by the acts of Appsolutely Media because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for

incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

40. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs brings this case on behalf of the Class (the "Class") defined as follows:

> **Pre-Recorded Call Class:** All persons to whom: (a) Appsolutely Media and/or a third party acting on Appsolutely Media's behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) through the use of an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.

41. <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable. On the basis of Appsolutely Media's *en masse* calling practices, the Class has at least hundreds of members.

42. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a.    Whether Appsolutely Media used a prerecorded voice:

    b.    Whether Appsolutely Media purchased telephone numbers of individuals who had not consented to be called by it;

    c.    Whether Appsolutely Media and/or its affiliates or agents, and/or other persons or entities acting on Appsolutely Media' behalf, knowingly

and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an artificial or prerecorded voice, thus entitling Plaintiffs and the Class to treble damages;

        d.    Whether Appsolutely Media and/or its affiliates, agents, and/or other persons or entities acting on Appsolutely Media' behalf should be enjoined from using pre-recorded messages in the future.

43.    <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs' claims and those of the Class arise out of the same course of conduct by Appsolutely Media and are based on the same legal and remedial theories.

44.    <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests contrary to or conflicting with those of the proposed Class.

45.    <u>Predominance</u>. Appsolutely Media has engaged in a common course of conduct toward Plaintiffs and members of the Class.  The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these

common issues in a single action has important and desirable advantages, including judicial economy.

46. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Appsolutely Media to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Appsolutely Media is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

47. <u>Injunctive and Declaratory Relief is Appropriate</u>. Appsolutely Media has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII. FIRST CAUSE OF ACTION
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) on behalf of the Pre-Recorded Call Class)**

48. Plaintiffs reallege and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49. The foregoing acts and omissions of Appsolutely Media and/or its affiliates or agents, and/or other persons or entities acting on Appsolutely Media' behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiffs and members of the Pre-Recorded Call Class using an artificial or prerecorded voice.

50. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Appsolutely Media and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiffs and members of the Pre-Recorded Call Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiffs and members of the Pre-Recorded Call Class are also entitled to and do seek injunctive relief prohibiting Appsolutely Media, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

52. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Appsolutely Media, its affiliates or agents, and/or other

persons or entities acting on its behalf, Plaintiffs and members of the Pre-Recorded Call Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all members of the Class, pray for judgment against Appsolutely Media as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiffs as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Appsolutely Media and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining Appsolutely Media and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances and prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G.  Orders granting such other and further relief as the Court deems necessary, just and proper.

### IX.  DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 13th day of September, 2021.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiffs and the Proposed Class*